Thurman, J.
That the decided cases, upon the subject of the-admissibility in evidence of confessions, are conflicting, is undeniable. That the conflict is not so great as is sometimes supposed, is< equally true. Thus, an idea prevails to some extent that a confession which is the offspring of hope or fear, excited by representations or threats, is nevertheless admissible, if the representations or threats were not made by, or in the presence of, a person having-some authority or control over the prosecution or the accused. On *508 •the other hand, it is frequently.asserted that it is a wholly imma- ■ terial circumstance whether the representation or threat was made by, or in the presence of, such a person, or by a person having no ■such authority or control, and out of the presence of any such offi•cial or controlling individual.
Without denying that cases or dicta may be found that give • some color to each of these opposite opinions, we are satisfied that neither of them is correct. On the contrary, the weight of authority establishes, as we think, the following propositions:
1. That “before any confession can be received in evidence in a criminal case, it must be shown that it was voluntary.” 1 Greenl. Ev., sec. 219.
2. That a confession induced by hope or fear, excited in the mind by the representations or threats of any one, is not to be considered voluntary. The question in every case *wkere a confession has followed representations or threats is, was it thus produced ? This question is to bo decided by the judge, if proof of the confession, when offered, is objected to. If he answers it in the affirmative, the testimony must be rejected; if in the negative, it must be admitted. But in deciding it, he is to have regard to the following rule, namely, that if the representations or threats were made by, or in the presence of, a person having authority or control over the prosecution of the accused, it is presumed that the confession was’ produced by such representations or threats, unless it appear that their influence was totally done away before the confession was made. If, on the other hand, the representations or threats were made by a person having no such authority or control, it is not necessarily to be presumed that they induced the confession. In •such a case, the judge is to determine whether, in point of fact, it was thus produced. In doing so, he is to look at the circumstances, .among which are the strength or weakness of the prisoner’s intellect, his knowledge or his ignorance. If satisfied, however, that the ■confession was thus produced, proof of it can not be received, because the prisoner had sufficient mind or knowledge to detect the groundlessness of the representation or threat; for "the strongest mind is liable to be unhinged, and the question is not what the prisoner ought to have believed, but what did he believe?
Applying these rules to the facts of the present case, we are clear that the proof in question was improperly admitted. Spears was so ignorant of the law as to inquire, when urged to turn state’s *509 evidence, whether, if he did so, the Johnsons could swear against him. To this ignorant man, under arrest, and just about to be tried before the examining magistrate, stronger representations were made by various persons—one of them a man who had helped to-arrest him; another a clergyman, in whose knowledge and truthfulness he would naturally place reliance. The ideas were held out to him that it was necessary to appease the indignation of the people—that a confession by him would have that effect; and *tliat if he would turn state’s evidence, he would thereby secure his freedom. There can not be a doubt that these representations inspired him with' the strongest hope, if not belief, that his safety would be insured by a confession, and by testifying' against his confederates. Indeed, the judge who tried the cause seems to have thought so himself, for he excluded the proof of what he swore to as a witness for the state before the justice, and only admitted what he afterward confessed. But we see no reason for ■ the distinction. There is nothing in the evidence to show that the influence of the representations made to him was done away before he made the confessions, proof of which was received. All the presumptions are that the influence that induced him to turn witness for the state, also led him to make the confessions in question.
It is argued, however, that the decision of the judge admitting the testimony, can not be reviewed on error; that its admissibility depended upon the determination of a question of fact, and that a court of errors does not sit to try whether questions of fact are decided correctly, but merely to review questions of law.
Without deciding how much weight this argument would be entitled to, had the trial taken place elsewhere, it is sufficient to say, that in this state a practice has for years prevailed, and is now too well settled to be shaken, of reviewing upon error the decisions of a criminal court overruling a motion for a new trial, although the motion was wholly rested upon the ground that the verdict of the jury was unwarranted by, or against the weight of the evidence. It is easy to see that in most of such cases, the court of errors has-to deal with questions of fact to quite as great an extent as is necessary in the present ease; and wo are not disposed to say that there is any greater restriction in the one case than in the other. In both, very great respect is to be paid to the finding of the court below, and it is only where it is clearly wrong that the judgment will be reversed. For the same rule obtains in respect to the find- *510 ing of facts by a *court, that does to the verdict of a jury. It must be clearly erroneous before it will be set aside.
It is to be further remembered, as applicable to this case, that ■there is no conflict of testimony. The circumstances under which the confessions were made, were clearly proved, and quite as ■strongly by the witnesses for the state as by those of the accused. And there was no discrepancy between them.
The objections taken to the second count of the indictment are not, in our opinion, valid. "We hold the count to be sufficient in law.
For the error of the court in admitting the proof of his confessions, the sentence pronounced upon the plaintiff Spears will be reversed and an order made, pursuant to the statute, that he be ■remanded to Butler county for trial.